IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------

ADAM PLOTCH,                                )
                                            )        **VERIFIED COMPLAINT**
                            Plaintiff,      )
                                            )        Case No.: 17-cv-00119
        -against-                           )
                                            )
WELLS FARGO BANK, N.A.,                     )
                                            )
                            Defendant.      )

------------------------------------------------------

Plaintiff ADAM PLOTCH, by and through his attorneys, Balfe & Holland, P.C., as and for his complaint against Wells Fargo Bank, N.A., alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.      This action seeks to cancel a mortgage encumbering real property owned by the Plaintiff pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1501(4).

2.      Defendant has commenced no less than three foreclosure actions against the subject premises. The first action has been discontinued. The latter two were consolidated prior to the entry of an order signed by a Justice of the Supreme Court of the State of New York dismissing all causes of action against Plaintiff.

3.      Defendant had accelerated the subject mortgage more than six years ago. Any further action by Defendant to foreclose upon the subject real property is barred by the statute of limitations and the mortgage must be cancelled of record. See CPLR §213(4).

## PARTIES

4.      Plaintiff is a individual residing in the State and County of New York.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

--------------------------------------------------

| | | |
|---|---|---|
| ADAM PLOTCH, | ) | **VERIFIED COMPLAINT** |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| -against- | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

--------------------------------------------------

Plaintiff ADAM PLOTCH, by and through his attorneys, Balfe & Holland, P.C., as and for his complaint against Wells Fargo Bank, N.A., alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.      This action seeks to cancel a mortgage encumbering real property owned by the Plaintiff pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1501(4).

2.      Defendant has commenced no less than three foreclosure actions against the subject premises. The first action has been discontinued. The latter two were consolidated prior to the entry of an order signed by a Justice of the Supreme Court of the State of New York dismissing all causes of action against Plaintiff.

3.      Defendant had accelerated the subject mortgage more than six years ago. Any further action by Defendant to foreclose upon the subject real property is barred by the statute of limitations and the mortgage must be cancelled of record. See CPLR §213(4).

## PARTIES

4.      Plaintiff is a individual residing in the State and County of New York.

5.       Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") is a national banking association located in the State of South Dakota.

## JURISDICTION AND VENUE

6.       This Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

7.       For purposes of diversity, Wells Fargo's citizenship is deemed to be within the State of South Dakota as the state designated in its articles of association as the locus of its main office regardless of the other states in which it maintains offices or conducts business.  See Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006); Onewest Bank, N.A. v. Melina, 827 F.3d 214 (2nd Cir. 2016); Ng v. Wells Fargo Foothill LLC, 630 Fed.Appx. 718 (9th Cir. 2015)(Wells Fargo Bank N.A. is a citizen of South Dakota for purposes of diversity jurisdiction).

8.       The amount in controversy exceeds $75,000 because the relief requested herein will render a mortgage purportedly securing an obligation greater than $75,000 unenforceable.

9.       Venue is properly within the Eastern District of the New York as the district in which "a substantial part of the property that is the subject of the action is situated." 28 U.S.C. §1391(b)(2)

## FACTUAL BACKGROUND

10.       On or about March 2, 2001, title to real property identified upon the tax maps of the City of New York, Richmond County, as Block 5303, Lot 1039 and more commonly known as 34 Harbour Court, Staten Island, New York (the "Premises") was transferred to Sofia Mitselmakher and Irina Baram (collectively "M&B").

2

11.     Upon information and belief, on the same date, M&B obtained a loan from GFI Mortgage Bankers, Inc. ("GFI") in the amount of $300,000 for which a mortgage was given and immediately assigned to Washington Mutual Bank, FA ("WaMu"). The mortgage to GFI was recorded on May 3, 2002 and identified by the Richmond County Clerk as Document No. 32466 is annexed hereto as **Exhibit "A"**.

12.     Upon information and belief, on or about May 1, 2003, WaMu assigned the mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Ohio Savings Bank ("MERS").

13.     Upon information and belief, M&B simultaneously gave an additional mortgage (the "GAP") to MERS in the amount of $11,633,76 and executed a Consolidation, Extension and Modification Agreement ("CEMA") for the purpose of consolidating the two mortgages into a single lien in the principal amount of $306,000 in favor of MERS. (The mortgages and the CEMA collectively shall hereinafter be referred to as the "Mortgage.") Copies of the GAP and CEMA recorded on October 17, 2003 and identified by the Richmond County Clerk as Document Nos. 80483 and 80484, are annexed hereto as **Exhibits "B"** and **"C"**, respectively.

14.     On December 11, 2008, a notice of condominium lien was filed by Port Regallle Condominium I ("PRC") and recorded against the Premises by the Richmond County Clerk which identified the lien as Document No. 276198.

15.     Shortly after its lien was recorded, PRC commenced an action to foreclose the lien in Supreme Court, Richmond County. The action was styled Board of Managers of Port Regalle Condominium I v. Irina Baram et al., Index No. 130695/2009.

16.     Plaintiff paid $231,000 as the successful bidder at a public auction to sell the Premises conducted by the court appointed referee at the conclusion of the lien foreclosure action.

3

17.    On or about June 12, 2012, a deed conveying title to the Premises from the Referee appointed in the lien foreclosure action to Plaintiff was recorded and identified by the Richmond County Clerk as Document No. 431428.

<u>Defendant's Multiple Foreclosure Actions</u>

18.    On or about May 10, 2009 Defendant sent clear and unequivocal notice to M&B that M&B were in default and that the Mortgage would be accelerated and immediately due and owing in full unless their default was cured by June 9, 2009.  A copy of the notice of default and acceleration is annexed hereto as **Exhibit "D"**.

19.    Upon information and belief, M&B did not cure their purported defaults.

20.    Upon information and belief, the Mortgage was accelerated on or about June 10, 2009.

21.    Upon information and belief, the Mortgage was assigned by MERS to Wells Fargo on or about September 2, 2009.

22.    Wells Fargo filed an action in Supreme Court, Richmond County, to foreclose upon the Mortgage on or about September 15, 2009 (the "2009 Foreclosure.") See <u>Wells Fargo Bank, NA v. Sofia Mitselmakher et al</u>, Index No. 131579/2009.  A copy of the complaint is annexed hereto as **Exhibit "E"**.

23.    In its complaint, Wells Fargo alleged that the Mortgage had been accelerated and that the principal balance of $219,946.60 was immediately due and owing. See Ex. E, ¶ "Fifth".

4

24.     Upon information and belief, on or about May 11, 2010, Wells Fargo moved for a judgment of foreclosure and sale.  By order of the Hon. Anthony I. Giacobbe, a Justice of the Supreme Court of the State of New York, dated August 10, 2010, Wells Fargo's motion was denied as "procedurally improper."

25.     Wells Fargo never moved to extend the notice of pendency which expired on or about September 15, 2012.  See CPLR §6513.

26.     On July 16, 2014, while the 2009 Foreclosure was pending, Wells Fargo filed a second foreclosure action (the "2014 Foreclosure") and simultaneously filed a notice of pendency. See Wells Fargo Bank, N.A. v. Sofia Mitselmacher et al., Index No. 135561/2014.  A copy of the complaint is annexed hereto as **Exhibit "F"**.

27.     That the commencement of the 2014 Foreclosure by its very filing violated New York Real Property Actions and Proceedings Law ("RPAPL")§1301(3) which provides:

> *"while the action [to foreclose or recover any part of the mortgage debt] is pending or after final judgment for the Plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought."*

28.     That the complaint filed within the 2014 Foreclosure acknowledged that the 2009 Foreclosure remained a pending action that was "in the process of being discontinued." See Ex. F, ¶15.

29.     That the complaint filed within the 2014 Foreclosure stated that Wells Fargo "does hereby elect to declare the entire principal balance due and owing." See Ex. F, ¶10.

30.     Upon information and belief, the complaint filed within the 2014 Foreclosure intended to represent that the Mortgage had not been accelerated previously.

5

31.     On May 1, 2015, Wells Fargo filed a third foreclosure action with respect to the Premises (the "2015 Foreclosure").   See <u>Wells Fargo Bank, N.A. v. Adam Plotch</u>, Index No. 135439/2015.  A copy of the complaint is annexed hereto as **Exhibit "G"**.

32.     That the 2015 Foreclosure, similar to the 2014 Foreclosure was brought in contravention of RPAPL §1301(3).

33.     Upon information and belief, Wells Fargo never sought leave of the Court to file the 2015 Foreclosure.

34.     That according to the minutes of the Richmond County Clerk, an order dismissing the 2009 Foreclosure was not filed until October 7, 2015.

35.     Upon information and belief, at the time the 2015 Foreclosure was filed, Wells Fargo was simultaneously the plaintiff in three separate foreclosure actions pertaining to the Premises.

36.     That the 2015 Foreclosure complaint, unlike the 2014 Foreclosure complaint, failed to allege that any previous existing foreclosures were in the process of being discontinued.

37.     That the complaint filed by Wells Fargo in the 2015 Foreclosure also failed to acknowledge the existence of the 2009 Foreclosure.

38.     That the complaint filed by Wells Fargo in the 2015 Foreclosure states that the underlying mortgage obligations of M&B were "accelerated pursuant to the commencement of [the 2014 Foreclosure.]" See Ex. G, ¶11.

39.     That the complaint in the 2015 Foreclosure contradicts the allegations set forth in the complaint filed in the 2009 Foreclosure with respect to acceleration of the mortgage.

40.     Upon information and belief, the 2015 Foreclosure complaint intentionally misstated the acceleration provision in order to avoid possible repercussions associated with an expiration of the applicable statute of limitations.

41.     That Plaintiff herein was served with the complaint pertaining to the 2015 Foreclosure on or about June 1, 2016.

42.     That by order of the Hon. Thomas P. Aliotta, a Justice of the Supreme Court of the State of New York, dated August 17, 2016, the 2014 Foreclosure and the 2015 Foreclosure were consolidated.

43.     On September 26, 2016, Justice Aliotta issued a decision that all causes of action against Plaintiff were dismissed. A copy of the order is annexed hereto as **Exhibit "H"**. Within the Order, the Court acknowledged Defendant's repeated violations of RPAPL §1301(3).

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

44.     Plaintiff repeats and realleges paragraphs "1" through "41" as if more fully set forth herein.

45.     That the 2014 Foreclosure and 2015 Foreclosure were consolidated under the index number obtained by Wells Fargo in the 2014 Action.

46.     That subsequent to the consolidation, the Court granted Plaintiff's motion to dismiss any and all claims by Wells Fargo against him.

47.     That Plaintiff acquired title to the Premises on or about June 12, 2012 for good and valuable consideration.

48.     That the notice of pendency filed against the Premises at the time Plaintiff acquired title expired on or about September 15, 2012.

7

49.     That Plaintiff is a necessary and indispensable party to any foreclosure instituted on the Premises by Wells Fargo as the title owner of the Premises.

50.     That, at present, as a result of the discontinuance of the 2009 Foreclosure and the dismissal of all claims consolidated between the 2014 Foreclosure and the 2015 Foreclosure, no causes of action are pending by Wells Fargo against Plaintiff.  See RPAPL §1311(1).

51.     That Wells Fargo accelerated the mortgage in 2009.

52.     That Wells Fargo was required by law to file any and all actions to foreclosre upon the mortgage no less than six years after the Mortgage was accelerated..

53.     That Wells Fargo is forbidden from obtaining a judgment of foreclosure because no causes of action against Plaintiff as the title owner and indispensable party exist and the statute of limitations for Wells Fargo to file a new action to foreclose has run.

54.     That Plaintiff is entitled to judgment declaring, pursuant to RPAPL §1501(4) that the Mortgage (including the initial mortgage, GAP and CEMA) be cancelled of record.

## AS AND FOR A SECOND CAUSE OF ACTION

55.     Plaintiff repeats and realleges paragraphs "1" through "52" as if more fully set forth herein.

56.     Upon information and belief the complaints filed simultaneous with the commencements of the 2014 Foreclosure and the 2015 Foreclosure intentionally misrepresented the date upon which the Mortgage was accelerated.

57.     As set forth within the complaint filed in the 2009 Foreclosure, the Mortgage was accelerated at or before the commencement of the 2009 Foreclosure.

58.     That the letter sent by Defendant on or about May 10, 2009 stated clearly and unequivocally that the Mortgage would be accelerated unless M&B's default was cured by June 9, 2009.

59.     That the complaint filed in the 2009 Foreclosure clearly and unequivocally declared that the mortgage had been accelerated simultaneous with its filing.

60.     Upon information and belief, Wells Fargo misrepresented the acceleration date in the 2014 Foreclosure and the 2015 Foreclosure in order to avoid the repercussions of the relevant statute of limitations.

61.     Upon information and belief, Wells Fargo improperly alleged the incorrect acceleration date in the 2014 Foreclosure and the 2015 Foreclosure in order to misrepresent the time within which it would be legally permitted to foreclose upon the Premises.

62.     Upon information and belief, Wells Fargo's knowing misrepresentation of the acceleration date of the Mortgage constitutes a fraud upon the Plaintiff as title owner of the Premises as well as the Court in which the action was filed.

63.     Upon information and belief, Wells Fargo knew that absent a misrepresentation of the acceleration of the Mortgage it would be barred from foreclosing upon the Premises as a result of its failure to properly commence a foreclosure action within the applicable statute of limitations.

64.     Upon information and belief, Wells Fargo has knowingly undertaken efforts to mislead the State Court regarding the timeliness of its Foreclosure attempts.

65.     That Wells Fargo's inequitable conduct necessitates an award of attorney's fees and costs to Plaintiff.

9

DEMAND FOR JURY TRIAL

66.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury in this action.

PRAYER FOR RELIEF

WHEREFORE, judgment should be entered:

a.      On the First cause of action for judgment declaring the Mortgage to be

cancelled of record; and

b.      On the Second cause of action for judgment awarding Plaintiff reasonable

attorney's fees and costs; and

c.      For all other and further relief including attorneys fees and costs that the Court

deems just and proper.

Dated: Melville, New York
       January 10, 2017

                                                    Yours, Etc.

                                                    BALFE & HOLLAND, P.C.

                          By:     _____
                                        Lee E. Riger (LR 1459)
                                        135 Pinelawn Road, Suite 125 North
                                        Melville, NY 11747
                                        (631) 501-1000
                                        lriger@balfeholland.com

                                        *Attorneys for Plaintiff*

TO:     Wells Fargo Bank, N.A.
        3476 Stateview Boulevard
        Ft. Mill, SC 29715

10

## VERIFICATION

STATE OF NEW YORK        )
                                       ) ss.:
COUNTY OF NEW YORK   )

Adam Plotch, ~~being duly sworn, deposes~~ *affirms* and says:

Deponent is the Plaintiff in the within action;

Deponent has read the foregoing Verified Complaint and knows the contents thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes it to be true.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Records, reports, conversations, correspondence and other data in deponent's files.

_____
Adam Plotch

*Affirmed*
~~Sworn to~~ before me on this
5th day of January, ~~2017~~

N O T A R Y   P U B L I C
Thomas J. Finn
Notary Public, State of New York
No. ^2FI6316903
Qualified in Queens County
Commission Expires December 22, 2_18_