Exhibit E

STATE OF NEW YORK
SUPREME COURT, COUNTY OF RICHMOND
---------------------------------------------X
WELLS FARGO BANK, N.A.
3476 Stateview Boulevard
Ft. Mill, SC 29715

               Plaintiff

    vs.

SOFIA MUSLI MAKHER, IRINA BARAM, BOARD
OF MANAGERS OF PORT REGALLE CONDOMINIUM
I, CITIBANK (SOUTH DAKOTA) N.A., HSBC
MORTGAGE CORPORATION (USA), NATIONAL
CITY BANK, NEW YORK CITY ENVIORNMENTAL
CONTROL BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU, RJI
ACQUISITIONS NJ, LLC, SBN SYNE LLC,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

              Defendant(s).
---------------------------------------------X

**SUMMONS**

ORIGINAL FILED WITH THE
CLERK ON

INDEX NO.: 131579/09

MORTGAGED PREMISES:
34 HARBOUR COURT
STATEN ISLAND, NY 10308

SBL #:
BLOCK: 5303 LOT: 1039

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Richmond County is designated as the place of trial. The basis of venue is the location of the mortgaged premises foreclosed herein.

DATED: September 14, 2009

By: _____
Megan B. Szeliga, Esq.
Steven J. Baum, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway Suite G
Amherst, NY 14228
Tel.: 716-204-2400

The law firm of Steven J. Baum, P.C. and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF RICHMOND
------------------------------------------------------------X
WELLS FARGO BANK, NA
3476 Stateview Boulevard
Ft. Mill, SC 29715

                    Plaintiff,

vs.

SOFIA MITSELMAKHER, IRINA BARAM, BOARD
OF MANAGERS OF PORT REGALLE CONDOMINIUM
I, CITIBANK (SOUTH DAKOTA), N.A., HSBC
MORTGAGE CORPORATION (USA), NATIONAL
CITY BANK, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU, RJH
ACQUISITIONS NJ, LLC, SBN NYNF LLC,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

                    Defendant(s).
------------------------------------------------------------X

**COMPLAINT**

INDEX NO.:

MORTGAGED PREMISES:
34 HARBOUR COURT
STATEN ISLAND, NY 10308

SBL #:
BLOCK: 5303 LOT:1039

    The Plaintiff by its attorneys, Steven J. Baum, P.C., for its complaint against the Defendant(s) alleges upon information and belief as follows:

    FIRST:  Plaintiff is a national banking association duly organized and existing under and by virtue of the laws of the United States of America and having its principal place of business in Sioux Falls, SD, and the owner and holder of a note and mortgage being foreclosed.

    SECOND:  On or about the 1st day of March, 2002, SOFIA MITSELMAKHER duly executed and delivered a note whereby SOFIA MITSELMAKHER promised to pay the sum of $300,000.00 with interest on the unpaid balance of the debt.

    THIRD:  That as security for the payment of said note SOFIA MITSELMAKHER and IRINA BARAM duly executed and delivered a mortgage in the amount of $300,000.00 which mortgage was recorded as follows and mortgage tax paid thereon:

    Recording Date: May 3, 2002
    Book/Page: 12696/231
    County (or City Register of): Richmond

    The mortgage was subsequently assigned to WASHINGTON MUTUAL BANK, FA by assignment.

And further assigned to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR OHIO SAVINGS BANK by assignment.

The plaintiff is also the holder of a mortgage duly executed by SOFIA MITSELMAKHER and IRINA BARAM in the amount of $11,633.76 which mortgage was recorded as follows and mortgage tax paid thereon:

Recording Date: May 1, 2003
Book/Page: 16180/157
County (or City Register of): Richmond

Said mortgage was subsequently modified or consolidated with the mortgage referred to in Book 12696 at Page 231 by a Consolidation, Extension and Modification Agreement recorded the 17th day of October, 2003 in Book 16180 at Page 175 to form a single lien in the amount of $306,000.00.

Said mortgage was subsequently assigned to WELLS FARGO BANK, NA by assignment dated the 2nd day of September, 2009 and sent for recording in the Office of the Clerk of Richmond County.

FOURTH: The mortgaged premises are commonly known as 34 HARBOUR COURT, STATEN ISLAND, NY 10308 and more fully described in "Schedule A" attached to this complaint. The tax map designation is known as all or part of SBL: Block: 5303 Lot:1039.

FIFTH: That the Defendant(s) SOFIA MITSELMAKHER so named, has/have failed to comply with the conditions of the mortgage and note by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of November, 2008 as more fully set forth below. Accordingly, Plaintiff elects to call due the entire amount secured by the mortgage.

SIXTH: There is now due and owing on said mortgage the following amounts:

Principal balance: $219,946.60
Interest Rate: 5.375%
Date interest accrues from: October 1, 2008
Escrow advances: $1,190.28
Late charges: $148.80
Inspection fees: $15.00

Together with monies advanced for taxes, insurance, maintenance of premises and the costs, allowances and reasonable attorney's fees if permitted by the mortgage.

SEVENTH: In order to protect its security interest the Plaintiff or its agent has paid or may be compelled to pay during the pendency of this action, taxes, assessments, water rates, insurance premiums and other charges affecting the mortgaged premises. Plaintiff requests that any sums it or its agent has paid, together with interest, be included in the sum otherwise due as provided for and secured by the mortgage.

EIGHTH: Upon information and belief all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's mortgage, or has been paid or equitably subordinated to Plaintiff's mortgage, or has been duly subordinated thereto. The reason for naming said defendants is set forth in "Schedule B" that is attached to this complaint.

NINTH: The reason for naming any governmental agency or instrumentalities of the Federal, State or local government (however designated), is set forth in "Schedule C" that is attached to this complaint.

TENTH: Upon information and belief the defendant(s) "John Doe" are occupants of the premises being foreclosed, or may be any persons, corporations or entities who claim, or may claim, a lien or other interest against the premises.

ELEVENTH: If applicable, the mortgage originated in compliance with Banking Law Sections 595-a and 6-l or 6-m and the Plaintiff has complied with all of the provisions of Section 595-a of the Banking law and any rules and regulations promulgated thereunder, Section 6-l and 6-m of the Banking Law, and Section 1304 of the Real Property Actions and Proceedings Law.

TWELFTH: Plaintiff requests that in the event this action proceeds to judgment of foreclosure and sale, said premises be sold subject to: any state of facts an inspection of the premises would disclose or an accurate survey of the premises would show; covenants, restrictions, easements and public utility agreements of record, if any; building and zoning ordinances and possible violations of the same; any rights of tenants or persons in possession of the premises; any equity of redemption of the United States of America to redeem the premises within 120 days; prior mortgages and liens, if any. If the mortgage secures more than one parcel, Plaintiff requests the judgment of foreclosure provide for the sale of the parcels in a particular order to the extent necessary to satisfy the indebtedness.

THIRTEENTH: There are no other actions or pending proceedings at law to collect or enforce the note and mortgage.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT:

1. Adjudging and decreeing the amounts due the Plaintiff for principal, interest, costs, late charges, expenses of sale, allowances and disbursements, reasonable attorney's fees if provided for in the mortgage and any monies advanced and paid which are secured by the mortgage.
2. That the defendants and all persons claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being a defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises.
3. That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts due as aforesaid, be decreed to be sold according to law subject to the provisions of paragraph "TWELFTH" of this complaint.
4. That out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts due on said note and mortgage, plus those items referenced in paragraph 1, above, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective payments, so far as the amount of such money properly applicable thereto will pay the same.
5. That either or any of the parties to this action may become a purchaser upon such sale.
6. That this court, if requested, forthwith appoint a receiver of the rents and profits of said premises with the usual powers and duties.
7. That the defendants referred to in paragraph "FIFTH" of this complaint and any original or subsequent obligors so named in this action, may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, unless the debt has been listed and discharged in a bankruptcy petition, or unless the Plaintiff is unable to produce a copy of the note, in which case no deficiency judgment will be sought.
8. In the event Plaintiff possesses any other liens against the premises, they shall not be merged with the same. Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of the subject premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein.

9. That the Plaintiff may have such other and further relief as may be just, equitable and proper.

By: _____
Megan B. Szeliga, Esq.
Steven J. Baum, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Tel : 716-204-2400

The law firm of Steven J. Baum, P.C. and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

## PRIME TITLE SEARCH, LLC

Title No. PT-65225-09  (File No. 0056024334-708)

### SCHEDULE A
### DESCRIPTION

**Block 5303 and Lot 1039**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, known and designated as Unit and House Number 34 together with a 2.5202 percent undivided interest in the common elements of the Condominium hereinafter described as the same is defined in the Declaration of Condominium hereinafter referred to.

The real property above described is a home shown on the plans of a condominium prepared and certified by Albert Melniker, A.L.A. filed in the Office of the Clerk of the County of Richmond on the 14th day of July, 1988, as Map No. C 105, as defined in the Declaration of the Condominium entitled Port Regalle Condominium I made by Port Regalle Associates, L.P., under Article 9-B of the New York Real Property Law, dated the 11th day of July 1988 and recorded in the Office of the Clerk of the County of Richmond on the 14th day of July 1988 in Reel 1488 Page 155.

**Premises known as 34 Harbour Court, Staten Island, New York**

# SCHEDULE A

## Schedule B - Defendants

| | |
|---|---|
| SOFIA MITSEI MAKHER | Original obligor. |
| IRINA BARAM | Record owner. |
| NATIONAL CITY BANK | Holder of a mortgage. |
| HSBC MORTGAGE CORPORATION (USA) | Holder of a mortgage. |
| SBN NYNE LLC | Holder of a mortgage. |
| | Holder of a UCC Financing Statement filed on The 16th day of February, 2006. |
| BOARD OF MANAGERS OF PORT REGALLE CONDOMINIUM I | Named as a party defendant herein for unpaid common charges pursuant to Condominium Lien dated the 5th day of December, 2008 and recorded the 11th day of December, 2008 under Instrument No.276198 and for any possible liens for unpaid common charges. |
| | Also, named as a party defendant herein for any interest pursuant to the Notice of Pendency dated the 4th day of May, 2009 and recorded the 11th day of May, 2009 under Index No. 130695/09. |
| RHI ACQUISITIONS NJ, LLC | Holder of judgment(s). |
| CITIBANK (SOUTH DAKOTA), N.A. | Holder of judgment(s). |
| JOHN DOE | Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises. |

## Schedule C - Defendants

| | |
|---|---|
| NEW YORK CITY TRANSIT ADJUDICATION BUREAU | Holder of possible judgments against Sofia Mitselmakher and/or Irina Baram, judgments cannot be certified since docket books are missing. |
| NEW YORK CITY ENVIRONMENTAL CONTROL BOARD | Holder of possible judgments against Sofia Mitselmakher and/or Irina Baram. |
| NEW YORK CITY PARKING VIOLATIONS BUREAU | Holder of possible judgments against Sofia Mitselmakher and/or Irina Baram. |

STATE OF NEW YORK )
COUNTY OF ERIE ) SS.:

Megan B. Szeliga, Esq., being duly sworn, deposes and says:

That your deponent is the attorney for the plaintiff, having an office at 220 Northpointe Parkway, Amherst, New York, and that she has read the foregoing Summons and Complaint and knows the contents thereof; that the same is true to her knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters your deponent believes it to be true. Deponent further states that the grounds of her belief as to all matters in the Complaint not stated to be upon her knowledge are based upon copies of documents and communications provided by my client.

That the reason this verification is made by your deponent instead of the Plaintiff is because the Plaintiff does not reside or have an office for the conduct of business within the County of Erie, which is the County where your deponent has her office.

By: _____
Megan B. Szeliga, Esq.

Subscribed and sworn to before me
this 14th day of September, 2009.

_____
Notary Public

Sharon Hayok
Notary Public State Of New York
Qualified in Niagara County
Comm. Exp. January 20, 20__

STATE OF NEW YORK
SUPREME COURT: COUNTY OF RICHMOND
----------------------------------------X
WELLS FARGO BANK, NA
3476 Stateview Boulevard
Ft. Mill, SC 29715

                Plaintiff,

vs.

SOFIA MITSELMAKHER and IRINA BARAM, et al.

                Defendants.
----------------------------------------X

SUMMONS AND COMPLAINT

----------------------------------------X

STEVEN J. BAUM, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway Suite G
Amherst, NY 14228
Tel.: 716-204-2400

State of New York  **SUPREME**  Court  County of **RICHMOND**

**WELLS FARGO BANK, NA**

Index No.

Plaintiff,

Year

VS.

**SOFIA MITSELMAKHER AND IRINA BARAM,**
et al.

Defendant(s).

*Attorney for*

Plaintiff    fax 716-204-4600

*Office, Post Office Address and Telephone*  **STEVEN J. BAUM, P.C.**
P.O. BOX 1291
BUFFALO, NY 14240-1291
716-204-2400

| | | |
|---|---|---|
| Personal Service of the within hereon endorsed, is admitted this | day of | and of the notice (if any) , 20 |

Attorney(s) for

---

Sir:—Please take notice **NOTICE OF ENTRY**
that an                                of which the within is a copy, was duly granted in the
within entitled action on the    day of    , 20    , and duly entered in the office of the Clerk
of the County of    on the    day of    , 20
To
Attorney(s) for    **STEVEN J. BAUM, P.C.**
*Attorney for*

Sir:—Please take notice    **NOTICE OF SETTLEMENT**
that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on the    day of    , 20
To    **STEVEN J. BAUM, P.C.**
Attorney(s) for    *Attorney for*

STATE OF NEW YORK, COUNTY OF    SS.:    **AFFIDAVIT OF SERVICE BY MAIL**

being duly sworn, deposes and says; deponent is not a party to the action.
is over 18 years of age and resides at
On    , 20    , deponent served the within
upon
attorney(s) for    in this action, at
the address, designated by said attorney(s) for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in a post office—official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this    day of    , 20

Notary Public, Commissioner of Deeds