UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ADAM PLOTCH,

                        Plaintiff,

                  -against-

WELLS FARGO BANK, N.A.,

                        Defendant.

**MEMORANDUM OF DECISION AND ORDER**

17-cv-00119 (LDH) (SJB)

------------------------------------------------------------------------ X

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Adam Plotch brings the instant action against Defendant Wells Fargo Bank, N.A., seeking to cancel a mortgage encumbering real property located at 34 Harbour Court, Staten Island, New York (the "Subject Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"). Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint.

## BACKGROUND

### A. State Court Proceedings

      On May 1, 2003, Sofia Mitselmakher and Irina Baram executed a Consolidation, Extension and Modification Agreement to consolidate two mortgages on the Subject Property into a single lien in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Ohio Savings Bank ("MERS"). (Compl. ¶¶ 10, 12-13, ECF No. 1.) On September 2, 2009, MERS assigned the mortgage to Defendant. (*Id.* ¶ 21.) Prior to the assignment, on December 11, 2008, Port Regalle Condominium filed a subordinate lien on the Subject Property and later commenced a foreclosure action. (*Id.* ¶¶ 14-15.) On June 12, 2012, a court appointed referee

conveyed title of the Subject Property to Plaintiff after his successful bid at public auction. (*Id.* ¶¶ 16-17.)

On September 15, 2009, prior to Plaintiff's acquisition of the Subject Property, Defendant filed a foreclosure action against the Subject Property (the "2009 Action"). (*Id.* ¶ 22; Compl. Ex. E, ECF No. 1-5.); *see Wells Fargo Bank, N.A. v. Mitselmakher*, Index No. 131579/2009. Plaintiff was not named in the 2009 Action. (Compl. Ex. E.) On July 16, 2014, Defendant filed a second foreclosure action against the Subject Property (the "2014 Action"). (Compl. ¶ 26; Compl. Ex. F, ECF No. 1-6.); *see Wells Fargo Bank, N.A. v. Mitselmakher*, Index No. 135561/2014. Plaintiff, amongst others, was named as a defendant. (Compl. Ex. F.) On January 30, 2015, Plaintiff moved to dismiss the 2014 Action as against him for lack of personal jurisdiction. (Reply Decl. of Andrew B. Messite ¶ 9, ECF. No 13.) On July 6, 2015, Plaintiff's motion to dismiss was referred to a court attorney referee to hear and report with recommendations as to the question of personal jurisdiction over Plaintiff. (Reply Messite Decl. Ex. 2, ECF. No 13-2.)

On May 1, 2015, prior to the resolution of the 2014 Action, Defendant filed a third foreclosure action against the Subject Property (the "2015 Action"). (Compl. ¶ 31; Compl. Ex. G, ECF No. 1-7.); *see Wells Fargo Bank, N.A. v. Plotch*, Index No. 135439/2015. Plaintiff was named as the sole defendant in the 2015 Action and the claims alleged therein were identical to the claims in the 2014 Action. (Reply Messite Decl. Ex. 3, ECF No 13-3.) The 2015 Action was filed, however, in an effort to rectify any issues with service of process to ensure the state court possessed personal jurisdiction over Plaintiff. (Pl.'s Opp'n at 2, ECF. No 11; Reply Messite Decl. ¶ 10.) On May 12, 2016, the state court granted Defendant's motion to extend time to serve Plaintiff in the 2015 Action. (Reply Messite Decl. ¶ 12.) Defendant timely served

Plaintiff on June 1, 2016. (*Id*. ¶ 13.) On August 16, 2016, Plaintiff moved to dismiss the 2015 Action. (Reply Messite Decl. Ex. 8, ECF. No 13-8.)

Subsequent to the filing of Plaintiff's motion to dismiss the 2015 Action, Defendant requested that the 2014 and 2015 Actions be consolidated. That request was granted by order on August 22, 2016 (the "Consolidation Order"). (Def.'s Mot. to Dismiss Ex. B, ECF. No. 8-2.) Following the consolidation of the two actions, the state court issued a Decision and Order on September 26, 2016, regarding Plaintiff's motion to dismiss the 2014 Action (the "Dismissal Order"). (Compl. Ex. H, ECF No. 1-8.) The Dismissal Order held that "the complaint as against this defendant is hereby severed and dismissed for lack of personal jurisdiction." (*Id*. at 2.) On October 11, 2016, Plaintiff noticed an appeal of the Consolidation Order, which Plaintiff failed to perfect. (Reply Messite Decl. Ex. 9, ECF. No 13-9.)

On January 23, 2017, Plaintiff filed the following three motions: (1) an Affirmation in Reply (Sur-reply Decl. of Lee E. Riger Ex. B, ECF No. 17-2.); (2) an Affirmation in Reply to Motion to Vacate Extension Order (Sur-reply Riger Decl. Ex. C, ECF No. 17-3); and (3) an Affirmation in Reply to Motion for an Order Directing Production of Evidence of Authority. (Sur-reply Riger Decl. Ex. D, ECF No. 17-4.) In sum and substance, Plaintiff argued in each motion that the court should construe the Dismissal Order as dismissing both the 2014 Action and the 2015 Action, or, alternatively, dismiss the 2015 Action on its current motion.

On February 2, 2017, the state court ordered a stay of the consolidated foreclosure actions (the "Stay Order"). (Reply Messite Decl. Ex. 10, ECF. No 13-10.)

**B. The Instant Action**

On January 10, 2017, Plaintiff filed the instant action related to the foreclosure of the Subject Property. (*See generally* Compl.) Plaintiff brings two claims. First, Plaintiff seeks a

3

cancellation of the mortgage encumbering the Subject Property pursuant to RPAPL § 1501 (4). (*Id*. ¶¶ 2, 54.) Second, Plaintiff seeks attorney's fees and costs due to Defendant's alleged misrepresentation of the mortgage acceleration date in its filing of the 2014 Action and the 2015 Action. (*Id*. ¶¶ 56, 65.)

## STANDARD OF REVIEW

A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). As with a motion under Rule 12(b)(6), a court evaluating a motion to dismiss under Rule 12(b)(1) accepts as true all factual allegations in the complaint. *Foad v. Holder*, No. 13-cv-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7, 2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). However, where a motion is brought under Rule 12(b)(1), the court need not draw inferences favorable to the party asserting jurisdiction. *Id.* Moreover, the court may refer to and rely on evidence outside the pleadings. *Attica Cent. Sch.*, 386 F.3d at 110 ("We may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but we may not rely on conclusory or hearsay statements contained in the affidavits."); *see also Grossi v. City of New York*, No. 08-cv-1083, 2009 WL 4456307, at *3 (E.D.N.Y. Nov. 30, 2009) ("Where parties dispute subject matter jurisdiction, the Court can consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists.") (collecting cases).

Where subject-matter jurisdiction does not exist, the matter must be dismissed. *Shuford v. United States*, No. 13-cv-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014). Even where subject-matter jurisdiction exists, however, the Supreme Court has found that, under

4

certain circumstances, a court should nonetheless abstain from hearing the case. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 724-25 (1996). Abstention is a judicially created doctrine born out of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, which advances the notion that where "a federal equity court does have jurisdiction of a particular proceeding," it may abstain from exercising that jurisdiction out of "proper regard for the rightful independence of state governments in carrying out their domestic policy." *Quackenbush,* 517 U.S. at 724 (internal quotation marks omitted). As the Second Circuit explained, "[t]he defining feature of *Younger* abstention is that even though either a federal or a state court could adjudicate a given claim, when there is an ongoing state proceeding in which the claim can be raised, and when adjudicating the claim in federal court would interfere unduly with the ongoing state proceeding, the claim is more appropriately adjudicated in state court." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000).

## DISCUSSION

Defendant maintains that this Court should decline to exercise subject-matter jurisdiction over this matter consistent with the abstention doctrine. As the Supreme Court set out in *Younger*, the abstention doctrine applies to three classes of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). Even then, there are limits to the application of abstention. As further explained by the Second Circuit, the court should only abstain from exercising its subject-matter jurisdiction under the *Younger* abstention doctrine where it answers the following three questions affirmatively: (1) is there an ongoing state proceeding; (2) is an important state

5

interest implicated; and (3) does the plaintiff have an avenue open for review of constitutional claims in the state court? *Cecos Int'l, Inc. v. Jorling*, 895 F.2d 66, 70 (2d. Cir. 1990).

The crux of the parties' dispute on this motion relates to the first question—whether there is an ongoing state proceeding. The short answer is, "yes." In urging the Court to find otherwise, Plaintiff relies principally on the fact that the 2014 and 2015 Actions were consolidated, and according to Plaintiff, both actions were dismissed in the Dismissal Order. Plaintiff is correct in noting that the 2014 and 2015 Actions were consolidated. (Pl.'s Opp'n at 4-5.) Furthermore, Plaintiff provided a very helpful and accurate elucidation of the distinction between a consolidated matter and a merged matter. (*Id*.) However, Plaintiff's argument that the 2015 complaint was dismissed fails upon a review of the Dismissal Order.

Contrary to Plaintiff's naked assertion, the Dismissal Order does not "dismiss[] all claims against Plotch." (*Id*. at 5.) Rather, as is made clear in the opinion, the Dismissal Order undertook to resolve only Plaintiff's motion to dismiss the 2014 Action. Indeed, the Dismissal Order states that the matter "arises out of plaintiff's *second* attempt to foreclose a residential mortgage on property located at 34 Harbour Court on Staten Island." (Compl. Ex. H, at 2.) (emphasis in original.) Undoubtedly aware that the 2014 and 2015 Actions had been consolidated, before articulating any disposition on the motion to dismiss, the state court first severed the two actions. (Compl. Ex. H, at 1-2.) Specifically, the Dismissal Order stated that "the complaint as against this defendant is hereby severed and dismissed." (*Id.*) In other words, while the 2014 Action was dismissed, the 2015 Action remained pending. This conclusion is supported by other language included, albeit in dicta, in the Dismissal Order. For example, in its explanation of the case background, the court notes that there is "also pending a third action for

like relief that was commenced by plaintiff against the same defendants in 2015." (*Id* at 2.) Elsewhere, the court noted that "the 2015 matter is presently pending." (*Id*. at 3 n.4.)

Even if this Court was not fully persuaded by the plain language of the Dismissal Order, Plaintiff's subsequent filings are telling in that they demonstrate that Plaintiff also believed that the Dismissal Order could be read, as it is here, to dismiss only the 2014 Action. In his January 23, 2017 Affirmation in Reply, Plaintiff prevailed upon the state court to find that all actions against Plaintiff had been dismissed, or if the "court does not agree that the consolidated action, including the 2015 complaint has been dismissed," then the court should grant summary judgment dismissing the complaint. (Sur-reply Riger Decl. Ex. B, at 31-32.) Also, in his Affirmation in Reply Motion to Vacate Extension Order, Plaintiff stated that if the "court does not agree that the consolidated action, including the 2015 complaint has been dismissed," then the court should vacate its order granting Defendant an extension of time to serve Plaintiff and dismiss the 2015 complaint. (Sur-reply Riger Decl. Ex. C, at 19.) Likewise, in his Affirmation in Reply Motion for an Order Directing Production of Evidence of Authority, Plaintiff stated that should the court "not agree that the consolidation action, including the 2015 complaint has been dismissed . . ., then it is respectfully requested that the 2015 action be dismissed in its entirety." (Sur-reply Riger Decl. Ex. D, at 17.)

Also unhelpful to Plaintiff's argument, the state court entered the Stay Order after the issuance of the Dismissal Order. If, as Plaintiff maintains, the Dismissal Order did away with the 2015 Action, then there would be no need for the court to order a stay of the action. Despite this, Plaintiff argues that the stay is a "nullity" because he "clearly ha[d] no interest in perfecting his appeal" as required by 22 New York Codes, Rules and Regulations 670.8(e)(1), and the time to perfect the appeal expired on April 11, 2017. (Pl.'s Opp'n at 4.) However, even if the Court

assumes that Plaintiff's failure to perfect nullified the Stay Order, then there remain three January 23, 2017 motions pending before the court for consideration. (Reply Messite Decl. Ex. 10.) ("ORDERED, that this action, including a determination of the three motions submitted for decision on January 2[3], 2017, is stayed pending an order determining the issues raised on appeal or other final resolution thereof.") Lest there be any doubt, the state court's filing system currently lists the consolidated action as "Active." (New York State Unified Court System, WebCivil Supreme, Index Nos. 135561/2014, https://iapps.courts.state.ny.us/webcivil, last visited Nov. 13, 2017.); *see* S*antana v. Fed. Nat'l Mortg. Ass'n*, No. 1:15-CV-1424, 2016 WL 3149731, at *2 (N.D.N.Y. June 3, 2016) (determining that "the state court docket still lists the case as active" and "[t]he Court is therefore satisfied that the state-court mortgage foreclosure proceeding is still pending").

Next, there can be no legitimate dispute that the underlying state action implicates an important state interest. Time and time again, courts in this circuit have held that the *Younger* abstention doctrine applies where a plaintiff seeks injunctive and/or declaratory relief relating to the same property that is the subject matter of the underlying foreclosure action in state court. *See Calizaire v. Mortg. Elec. Registration Sys., Inc.*, No. 14-CV-1542 (CBA) (SMG), 2017 WL 895741 (E.D.N.Y. Mar. 6, 2017) ("determining the rights and obligations of the parties with respect to the subject property currently under the jurisdiction of the state court . . . falls within [a] category of proceedings identified by the Supreme Court as appropriate for abstention."). Here, Plaintiff's request that this Court "cancel [the] mortgage encumbering real property owned by [] Plaintiff" directly concerns Defendant's effort to foreclose the Subject Property. (Compl. ¶¶ 1-2, 54.) Nonetheless, Plaintiff contends that this case is distinguishable from the host of

cases demanding the application of the abstention doctrine under these same circumstances.[1] That is, according to Plaintiff, he "does not seek an order compelling or enjoining the state court to take any action" and does not request any relief that "would enforce or modify any existing orders of the state court." (Pl.'s Opp'n at 9.) Plaintiff's argument is simply untenable as this Court cannot grant Plaintiff the relief he seeks—a cancellation of the mortgage encumbering the Subject Property—absent some form of injunctive relief. In sum, the facts of this case warrant the application of the abstention doctrine and Plaintiff has not proffered any reason why it should not apply.[2]

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss Plaintiff's complaint is GRANTED.[3] The complaint is dismissed with prejudice, as repleading would be futile. *See Santana*, 2016 WL 3149731, at *5 ("The Court will dismiss the Plaintiff's claims for injunctive relief with prejudice to repleading in this Court pursuant to the *Younger* doctrine, as repleading such claims here would be futile.").

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
March 28, 2018

---

[1] *See, e.g., Calizaire*, 2017 WL 895741, at*3 (holding that the court did not have subject-matter jurisdiction over the plaintiff's claims for injunctive and declaratory relief related to a foreclosure action); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210 (SJF) (ARL), 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015) (holding that abstention applied when "[the] plaintiffs [sought] injunctive relief relating to the same property that [was] the subject matter of the underlying state court action"); *Kelmetis v. Fed. Nat'l Mortg. Ass'n*, No. 1:16-CV-00246 (MAD) (CFH), 2017 WL 395120 (N.D.N.Y. Jan. 27, 2017) (holding that "[s]ince the state court action remains pending, granting the declaratory relief Plaintiff requests would interfere with the state court's jurisdiction" because the "declaratory relief concern[s] Defendants' ability to foreclose on the Property.").

[2] Plaintiff does not allege any constitutional claims. Therefore, this factor does not preclude the application of the abstention doctrine.

[3] Having dispensed with Plaintiff's claims under the abstention doctrine, the Court need not reach Defendant's additional arguments for dismissal.

9